# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWARD ROSE DEVELOPMENT COMPANY, L.L.C. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 1:20-cv-2723<br>) |
| CANALE INC. | )<br>)<br>) |
| Defendant. | ) |

## EDWARD ROSE DEVELOPMENT COMPANY, L.L.C.'S COMPLAINT FOR DAMAGES AGAINST CANALE INC.

Edward Rose Development Company, L.L.C. ("Edward Rose"), by and through its undersigned attorney, sets forth the following Complaint for Damages against Canale Inc., ("Canale") and avers as follows.

### I. PARTIES

1. Edward Rose is a Michigan limited liability company with its principal place of business located at 38525 Woodward Avenue, Bloomfield Hills MI 48304.

2. Edward Rose in the business of construction, particularly in designing and building large scale apartment communities.

3. Canale is a Virginia for-profit corporation with a principal place of business located at 7333 Old Mill Road, Roanoke VA 24018.

4. Canale is in the business of general construction, including drywall, painting, and insulation work.

## II. JURISDICTION AND VENUE

5. Subject-matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a). Edward Rose is a Michigan limited liability company with its principal place of business in the State of Michigan. It has five members, which reside in the States of Michigan and California. Edward Rose is a citizen of **Michigan** and **California** for purposes of diversity jurisdiction. *See Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006) ("The citizenship for diversity purposes of a limited liability company … is the citizenship of each of its members."). None of the members of Edward Rose reside in Virginia.

6. Edward Rose brings this case against Canale, a Virginia corporation with a principal place of business in the State of Virginia. Canale is a citizen of **Virginia** for purposes of diversity jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities).

7. Since Edward Rose and Canale are citizens of different states, complete diversity exists.

8. The amount in controversy in this case, exclusive of interest and cost, exceeds $75,000 as Edward Rose has been damaged in an amount exceeding $198,000. Therefore, subject-matter jurisdiction is proper under 28 U.S.C. § 1332.

9. This Court has personal jurisdiction over Edward Rose because Edward Rose's contract letting, management, and invoicing activities with Canale for The Retreat Apartments were all handled out of its office in at 11611 N. Meridian Street #800, Carmel Indiana 46032. This Court further has personal jurisdiction over Canale because Canale's actions caused Edward Rose injury within this State and District and Canale contracted with Edward Rose out of its Indiana office, and therefore intentionally derived benefit from this State. Canale sent its bids for work, as well as its communications and invoices, to Edward Rose's Indiana office. *See Griggers v. Shopf*, No. 1-17-CV-3410-JMS-DML, 2018 WL 1505014, at *6 (S.D. Ind. Mar. 27, 2018) (Chief Judge Magnus-Stinson analyzing and applying the Supreme Court's test for specific personal jurisdiction following *BMS v. Superior Court* decision).

10. Venue is proper in the Southern District of Indiana under 28 U.S.C. § 1391(a) because a substantial part of the events that gave rise to Edward Rose's claims took place in this District insofar as, among other things, this action relates to the breach of statutory and common-law obligations owed to Edward Rose within this District.

### III.  BACKGROUND

11. Edward Rose designs and constructs large scale apartment communities in various states across the country.

12. To execute the large scale construction projects it undertakes, Edward Rose hires different subcontractors to carry out various portions of a job.

13. Canale is a construction company based in Virginia.

14. Edward Rose began work constructing an apartment community known as The Retreat Apartments ("The Retreat") located in Roanoke, Virginia.

15. The Retreat project was managed out of Edward Rose's office in Carmel, Indiana. This included but was not limited to various contract lettings, project management tasks, and invoicing related to The Retreat.

16. Canale was hired by Edward Rose out of its Carmel, Indiana office to perform general construction services including but not limited to drywalling, painting, pressure washing, and insulation services at The Retreat.

17. In the summer of 2017, with work at The Retreat still ongoing, Edward Rose discovered fraudulent conduct by one of its Project Managers, which included actions taken at The Retreat.

18. Upon further investigation, Edward Rose confirmed that its Project Manager had been requesting that subcontractors submit invoices for work that had either not been performed at all or that had not been fully performed, and then would

process the fraudulent invoices for payment and induce Edward Rose to pay for services that hadn't been performed.

19.   After discovering the fraud, Edward Rose dismissed the Project Manager.

20.   Edward Rose discovered that as a result of this fraudulent scheme, Edward Rose paid invoices – knowingly submitted by Canale – for work that Canale did not perform at The Retreat.  The invoices at issue were submitted to Edward Rose's Carmel, Indiana office and subsequently paid out Edward Rose's Carmel, Indiana office.

21.   Edward Rose paid Canale for services and materials not received.

22.   In addition, upon payment for work it did complete, Canale failed to pay its suppliers of materials such as paint and insulation. In particular, Canale failed to pay Commonwealth Building Materials for drywall materials, and Davenport Insulation for labor and materials.

23.   The material suppliers and second tier subcontractors approached Edward Rose for payment after Canale's refusals to pay. In order to avoid liens on The Retreat, Edward Rose had to pay some of those suppliers.

24.   In those instances, Edward Rose paid double: once to Canale for the work performed, and a second time to Canale's material suppliers and second tier subcontractors that Canale refused to pay.

25.   The total amount of the overpayment on false invoices as well as unpaid material supplier and second tier subcontractor payments exceeds $198,000.

26. Canale knowingly submitted invoices and received and accepted payment for work it did not perform.

27. Canale knowingly failed to pay its own material suppliers and second tier subcontractors, forcing Edward Rose to pay those entities to avoid liens on The Retreat.

28. After discovering the issues, Edward Rose reached out to Canale in hopes of reversing what appeared to be fraudulent invoices submitted by Canale, as well as double payments Edward Rose was forced to make.

29. Canale agreed to work with Edward Rose to attempt to resolve the dispute. Canale represented to Edward Rose that it would continue to bid future work, in order to reduce debt owed by Canale Rose piece by piece.

30. Despite this good faith effort to resolve the matter on the part of Edward Rose, Canale has failed to do its part in working away its debts.

31. To date, Canale has not paid off any of the over $198,000 it owes Edward Rose, and has not even responded in any substantive manner to Edward Rose's repeated attempts to resolve the issue. Edward Rose reached out to Canale on multiple occasions, across many months, to no avail.

32. Edward Rose has therefore been forced to bring this suit to recover damages.

## COUNT I – FRAUD (RESPONDEAT SUPERIOR)

33. Edward Rose incorporates by reference paragraphs 1 through 32 of this Complaint as if set forth herein at length.

34. Under the various liability principles of respondeat superior, an employer is liable for employees' tortious acts, if those acts occurred within the scope of employment. *See Cox v. Evansville Police Dep't*, 107 N.E.3d 453, 460 (Ind. 2018).

35. The tortious act at issue is fraud. The elements of fraud are (1) a material representation of [...] facts which (2) was false, (3) was made with knowledge or reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) proximately caused injury to the complaining party. *See Wind Wire, LLC v. Finney*, 977 N.E.2d 401, 404 (Ind. Ct. App. 2012).

36. Canale knowingly submitted invoices to Edward Rose which represented work that was not completed by Canale with the intent to deceive Edward Rose. Edward Rose then was in fact deceived and paid the amount called for in the false invoices, relying upon the accuracy of Canale's representations. This scheme satisfies all of the elements of the cause of action for fraud.

37. The actions taken by employees of Canale to create and submit these false invoices fall within the scope of their employment.

38. Scope of employment "may include acts that the employer expressly forbids; that violate the employer's rules, orders, or instructions; that the employee

commits for self-gratification or self-benefit; that breach a sacred professional duty; or that are egregious, malicious, or criminal." *Id.* at 461.

39. At all times relevant to this action, employees of Canale that created and submitted false invoices for payment to Edward Rose were acting within the course and scope of their employment with Canale. Submitting invoices for work performed is a core function of a construction business like Canale.

40. Similarly, at all times relevant to this action, employees of Canale that failed to pay material suppliers and second tier subcontractors were acting within the course and scope of their employment with Canale. Paying for materials and second tier subcontracting is a core function of a construction business like Canale.

41. Edward Rose has suffered substantial damages as a direct and proximate cause of Canale's employees' actions, taken in the scope of their employment.

42. Canale has failed to repay the amount Edward Rose lost as a result of Canale's employees' tortious actions.

**COUNT II – NEGLIGENT HIRING AND RETENTION**

43. Edward Rose incorporates by reference paragraphs 1 through 42 of this Complaint as if set forth herein at length.

44. Edward Rose discovered that at least one of the Canale employees it had worked with was a known felon.

45. David Thompson, a signatory on some of the contracts between Canale and Edward Rose, is a notorious fraudster in the area Canale operates. *See* Jeff Sturgeon,

*Salem car dealer sells Rod Shop after drug, gambling convictions*, The Roanoke Times, 2014, https://roanoke.com/news/salem-car-dealer-sells-rod-shop-after-drug-gambling-convictions/article_610be264-b668-560a-bc35-fd9415e513a5.html (last visited September 16, 2020).

46. David Thompson worked to knowingly defraud Edward Rose and refused to pay material suppliers and second tier subcontractors of Canale. He was in a position to do so solely by virtue of his employment with Canale.

47. Negligent hiring and retention is a cause of action distinct from respondeat superior. Negligent hiring and retention accrues when an employee steps beyond the recognized scope of his employment to commit a tortious injury upon a third party. *See Clark v. Aris*, Inc., 890 N.E.2d 760, 765 (Ind. Ct. App. 2008).

48. To establish negligent hiring and retention, Edward Rose must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury proximately caused by the breach of that duty. *Id.* at 763.

49. Canale owed a duty of care to Edward Rose as a subcontractor hired to perform construction work on The Retreat.

50. Canale hired David Thompson, allowed him to access and control invoicing procedures, gave him authority to execute contracts, and did not control the process to ensure the invoices were legitimate or to ensure that all material suppliers and second tier subcontractors were properly compensated.

51. Edward Rose, as a paying client of Canale's business, was a reasonably foreseeable victim of the reasonably foreseeable financial fraud perpetrated by David Thompson.

52. Edward Rose, as a paying client of Canale's business, was a reasonably foreseeable victim of the reasonably foreseeable failure to compensate material suppliers and second tier subcontractors perpetrated by David Thompson.

53. Canale breached its duty of care when it hired a known fraudster, David Thompson, and allowed him to execute contracts and handle invoices and finances on behalf of Canale.

54. Edward Rose was injured by Canale's negligence in first hiring David Thompson and second allowing him to execute contracts and handle invoicing. As a direct result of this negligence, Edward Rose paid Canale for work Canale did not complete, and also had to pay bills Canale owed to its material suppliers and second tier subcontractors to avoid liens.

55. Canale has failed to repay the amount Edward Rose lost as a result of Canale's employee's tortious actions.

## COUNT III – CRIME VICTIMS RELIEF ACT

56. Edward Rose incorporates by reference paragraphs 1 through 55 of this Complaint as if set forth herein at length.

57. Under what is known as the Crime Victims Relief Act at I.C. 34-24-3-1,

> If a person suffers a pecuniary loss as the result of a violation of Indiana Code article 35-43 (*i.e.*, the commission of theft, conversion, etc.), that person "is entitled to bring a civil action under the [CVRA] for damages in an amount not to exceed three times his actual damages, plus costs and attorney fees.

*Mizen v. State ex rel. Zoeller*, 72 N.E.3d 458, 470 (Ind. Ct. App. 2017) (citing *Bayview Loan Servicing, LLC v. Golden Foods, Inc.*, 59 N.E.3d 1056, 1069-70 (Ind. Ct. App. 2016)).

58. Furthermore, "The claimant need only prove the elements of the criminal conduct by a preponderance of the evidence." *Bayview Loan Servicing, LLC v. Golden Foods, Inc.*, 59 N.E.3d 1056, 1069–70 (Ind. Ct. App. 2016).

59. Canale committed theft by deception when it represented to Edward Rose that it had done work that it in fact had not, and accepted payments for those same items.

60. Theft by deception is established where a person commits theft by knowingly obtaining by deception control over property of the owner, and intends to deprive the owner of the use or benefit of the property. *See Snelling v. State*, 325 N.E.2d 227, 229 (Ind. 1975) (holding that criminal conviction for theft by deception was proper where defendant obtained payment by knowingly confirming to a client that he had

performed renovations to the client's property, when in truth and in fact he did not perform any of the renovations).

61. Canale knowingly submitted false invoices to Edward Rose for services and materials not received.

62. Edward Rose relied upon the representations in the invoices, trusted that the work had actually been completed, and that Canale's material suppliers and second tier contractors were paid to date, and duly paid its own bills to Canale.

63. The work which Edward Rose paid for was not completed by Canale.

64. Canale did not pay its material suppliers and second tier subcontractors related to work at The Retreat.

65. Canale has still not returned the money it obtained from Edward Rose under false pretenses, nor has it returned the money Edward Rose was forced to pay to Canale's material suppliers and second tier subcontractors to avoid liens.

66. Therefore, Edward Rose is entitled to treble damages.

WHEREFORE, Plaintiff, Edward Rose Development Company, L.L.C. demands judgment in its favor, and against Defendant Canale Inc. in the amount of $198,303.83, trebled to $594,911.49, and together with attorneys' fees, pre- and post-judgment interest, costs, expenses and such other and further relief as this Court deems necessary and just.

Respectfully submitted,

*/s/ J.T. Larson*
J.T. Larson (#31392-29)
Alyssa C. Hughes (#34645-71)
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
E-Mail: jt.larson@btlaw.com
E-Mail: alyssa.hughes@btlaw.com

*Attorneys for Plaintiff, Edward Rose Development Company, L.L.C.*